**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In the Matter of: | : | Case No. 23-53159 |
| | : | |
| AMANDA LYNN GELHAUS | : | Chapter 7 |
| | : | |
| Debtor. | : | Judge John E. Hoffman, Jr. |

**TRUSTEE'S MOTION FOR AUTHORITY TO COMPROMISE**
**INTEREST IN MOTOR VEHICLE**

William B. Logan, Jr., Trustee in the above-captioned case, hereby moves this Court for an order pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, authorizing him to compromise the bankruptcy estate's interest in Debtor's 2017 Ford Fusion motor vehicle ("Vehicle"). Under the terms of the proposed compromise, Debtor will pay $3,500.00 to Trustee in a lump-sum, which Trustee has received. A memorandum in support of this motion follows.

    Respectfully submitted:
    LUPER NEIDENTHAL & LOGAN
    A Legal Professional Association

    /s/ Kenneth M. Richards
    Kenneth M. Richards, Case Attorney for
    William B. Logan, Jr., Trustee
    1160 Dublin Road, Suite 400
    Columbus, OH 43215
    (614) 229-4447; Fax (866) 345-4948
    Supreme Court number: 0040455
    krichards@LNLattorneys.com

**Memorandum in Support**

At the time of the bankruptcy filing, Debtor owned the Vehicle, which constitutes property of the bankruptcy estate under Section 541 of the Bankruptcy Code. The Vehicle has approximately 70,000 miles. Debtor valued the Vehicle at $12,000.00 in her schedules, using NADA Guides.

Trustee has confirmed that this valuation is reasonably accurate. Debtors had made claims of exemption in the Vehicle in the amounts of $4,450.00 and $1,475.00 under Sections 2329.66(A)(2) and (A)(18) respectively. There is no lien against the Vehicle. The value of the non-exempt interests in the Vehicle is, therefore, $6,075.00. If this compromise is not approved and Trustee sells the Vehicle at auction, he estimates that he would incur costs of sale, including auctioneer's commission, of $2,400. Trustee estimates, therefore, that an auction would yield net proceeds to the bankruptcy estate of approximately $3,675.00.

Debtor and Trustee have agreed to compromise the issues related to the Vehicle, subject to Court approval. Under the terms of the proposed compromise, Debtor will pay a total of $3,500.00 to Trustee in a lump-sum, which Trustee has received.

Trustee believes that the offer is reasonable and that its acceptance is in the best interest of the bankruptcy estate. Trustee does not believe that he could obtain significantly higher net proceeds if he were to reject the settlement offer and proceed taking possession of and liquidating the Vehicle at auction. In addition to the costs of sale, including sale commissions, Trustee is uncertain as to the price he would receive for the Vehicle at auction.

Under Rule 9019 of the Federal Rules of Bankruptcy Procedure, the court should approve a compromise after notice and an opportunity for hearing. The court should approve a compromise if it is in the best interest of the bankruptcy estate and if the proposed settlement is fair and reasonable under the circumstances. The decision whether to accept or reject a proposed compromise is within the discretion of the bankruptcy court. See e.g. *In re Carson*, 82 B.R. 847 (Bank. S.D. Ohio 1987). The court in *Carson* and other courts, have established the following test to determine whether a proposed compromise is in the best interest of the bankruptcy estate:

1. The probability of success in litigation of the controversy;
2. The likely difficulties in collection of any resulting judgment;

3. The complexity of the litigation involved, and the expense, inconvenience, and delay involved; and
4. The best interests of creditors.

Most courts considering a compromise rely upon the decision of the United States Supreme Court in the case of *Protective Committee for Independent Stockholders of TMP Trailer Berry Inc. v. Anderson*, 390 U.S. 414 (1968). In this case, the Supreme Court directed bankruptcy courts to apprise themselves of all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated. The Court further directed judges to form an educated estimate of the complexity, expense, and likely duration of such litigation, the possible difficulties in collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise.

To be approved, the proposed settlement does not have to be the best possible settlement which the Trustee could have negotiated. Courts only require that it be within a reasonable range of the results of litigation. *In re Penn Central Transportation Company*, 596 F.2d 1102 (3rd Cir. 1979). The bankruptcy court is not required to hold a full evidentiary hearing or a "mini trial" before a compromise can be approved because such a requirement would defeat the purposes of the proposed compromise. See e.g. *DePoister v. Mary M. Holloway Foundation*, 36 F.3d 582 (7th Cir. 1994); *In re Drexel Burnham Lambert Group, Inc.*, 134 B.R. 493 (Bank. S.D. NY 1991). The court should canvas the issues and determine whether the proposed settlement falls below the lowest point in the range of reasonableness. *Drexel Burnham, supra.*

Applying these factors in this case, for the reason set forth above, Trustee believes that the proposed settlement is reasonable and that it should be accepted.

For the foregoing reasons, therefore, Trustee respectfully urges this Court to grant his motion.

        Respectfully submitted:
        LUPER NEIDENTHAL & LOGAN
        A Legal Professional Association

        /s/  Kenneth M. Richards
        Kenneth M. Richards, Case Attorney for
        William B. Logan, Jr., Trustee
        1160 Dublin Road, Suite 400
        Columbus, OH 43215
        (614) 221-7663  Fax (866) 345-4948
        Supreme Court number:  0040455
        krichards@LNLattorneys.com

## **NOTICE OF MOTION**

The Trustee has filed a Motion for Authority to Compromise Interest in Motor Vehicle.

**Your rights may be affected.** You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you do not want the Court to grant the relief sought in the Motion, then on or before **twenty-one 21 days from the date set forth in the certificate of service for the motion**, you must file with the Court a response explaining your position by mailing your response by first-class mail to:

    Clerk of Courts
    United States Bankruptcy Court
    170 N. High Street
    Columbus, OH 43215

OR your attorney must file a response using the Court's ECF System.

The Court must **receive** it on or before the above date.

You must also send a copy of your response either by 1) the Court's ECF System or by 2) first-class mail to:

| | |
|---|---|
| Kenneth M. Richards, Case Attorney for Trustee | Office of the U. S. Trustee
170 N. High Street, Suite 200 |

Luper, Neidenthal & Logan, LPA  
1160 Dublin Road, Suite 400  
Columbus, OH 43215

Columbus, OH 43215

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter an Order granting that relief without further notice or hearing.

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion for Authority to Compromise Interest in Motor Vehicle was served (i) **electronically** on the date of filing through the court's ECF System on all ECF participants registered in this case at the email address registered with the court and(ii) by **First-Class Mail** on November 21, 2023 addressed to all parties shown on the attached mailing matrix.

/s/ Kenneth M. Richards  
Kenneth M. Richards, Esq.